UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-21721-CIV-HIGHSMITH/McALILEY

ROBERTO SANTANA,

    Plaintiff,

vs.

PHILIP MORRIS USA, INC., *et al.*,

    Defendants.
_____/

**FINAL ORDER OF REMAND**

THIS CAUSE is before the Court upon the Plaintiffs' Motion to Remand **[DE 9]**. The issue presented is whether Defendant Vector Group, Ltd. ("Vector") defeats diversity jurisdiction. Several other district judges in the Southern District of Florida, i.e., Judge King, Judge Middlebrooks, and Chief Judge Moreno, have previously remanded cases involving Vector that presented allegations identical to those set forth in the present Complaint. *See Orlando Alonso, et al. v. RJ Reynolds Tobacco Co., et al.*, No. 07-22252-CIV-KING (Sept. 11, 2007); *Brown, et al. v. RJ Reynolds Tobacco Co., et al.,* No. 07-60432-CIV-MIDDLEBROOKS/JOHNSON (Aug. 22, 2007); *Miller, et al. v. RJ Reynolds Tobacco Co., et al.*, No. 07-21274-CIV-KING/GARBER (Aug. 17, 2007); *Shirley Davies, et al. v. R.J. Reynolds Tobacco Co., et al.,* No. 07-22308-CIV-MORENO (Sept. 25, 2007). The above-styled action involves the same Defendant at issue, Vector, which has its principal place of business in Florida and defeated diversity jurisdiction in the aforementioned cases.

This Court elects to follow the decisions of Judge King, Judge Middlebrooks, and Chief Judge Moreno, and finds that Defendant Vector Group, Ltd. was not fraudulently joined. Therefore, we conclude that the essential diversity of citizenship requirement has not been met to establish

federal jurisdiction in this Court.

**Discussion**

Removal statutes are strictly construed, and there is a presumption in favor of remand. Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). Where a plaintiff objects to a defendant's petition for removal, the removing party bears the burden of establishing jurisdiction, and "the burden is a heavy one." Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). Diversity jurisdiction requires complete diversity; each plaintiff must be diverse from each defendant. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1355 (11th Cir. 1996). The doctrine of fraudulent joinder provides an exception to the requirement of complete diversity. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). Under a fraudulent joinder theory, because Defendant Vector is a citizen of Florida, Defendants must prove that "there is no possibility the plaintiffs can establish a cause of action against" Vector "by clear and convincing evidence." Henderson v. Wash. Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006).

This Court follows the decisions in *Miller, Brown*, *Alonso*, and *Davies* in finding that, when viewed in the light most favorable to the Plaintiffs, there is a possibility that Vector is an appropriate Defendant under Engle v. Liggett Group, Inc., 945 So. 2d 1246 (Fla. 2006) as a liable successor to Defendant Brooke Holding Group and as Defendant Liggett's alter ego. The Defendants have not met their heavy burden of establishing complete diversity to allow this Court to exercise jurisdiction.

Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion to Remand to state court for further proceedings [DE 9] is GRANTED. The case shall be remanded to state court. The Clerk of the Court is ordered to transfer this case and the court file to the Circuit Court for the Eleventh Judicial

Circuit in and for Miami-Dade County, Florida.  This case is CLOSED. All pending motions are DENIED as MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 2nd day of October, 2007.

_____
SHELBY HIGHSMITH
DISTRICT COURT JUDGE

cc:     Counsel of record